UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RICHARD GONZALEZ | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. L-04-144 |
| | § | |
| City of Laredo | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant City of Laredo's Motion for Summary Judgment [Doc. No 19].[1] Upon due consideration of the pleadings and applicable authority, Defendants Motion for Summary Judgment is GRANTED.

**I.   Background**

The genesis of this lawsuit is $362 in outstanding parking violation fines. Since 2002, Plaintiff has accrued $362 in unpaid parking violation fines in the City of Laredo. As a result, in accordance with Local Ord. No. 89-48, §3, 3-20-88; Ord. No. 2001-O-53, § 1, 2-26-01, the City of Laredo placed an "immobilization device" commonly referred to as a "boot" on Plaintiff's car.[2] Instead of paying his fines, Plaintiff, an attorney, filed a lawsuit in the 111th Judicial District Court of Webb County on March 20, 2004 claiming that the City of Laredo (hereinafter

---

[1] Defendant filed his motion for summary judgment on August 8, 2005. According to the Local Rules of the United States District Court for the Southern District of Texas (LR 7.3 and 7.4), Plaintiff had twenty days to respond to Defendant's Motion. Plaintiff failed to respond by August 28, and without reason or excuse filed his response on September 28, a full month past the deadline. Although Plaintiff is pro-se, he is nevertheless an attorney who should be cognizant of the local and federal rules. As such, Defendant's response and summary judgment evidence is not properly before this Court.

[2] Art. X. Impoundment of vehicles, Sec.19-375 defines a boot as a "lockable road wheel clamp or similar device which is designed to immobilize a parked vehicle and prevent its operation until the device is unlocked and removed."

"the City") violated the provisions of Chapter 682, of the Texas Transportation Code when it placed a boot on his car without the proper notice and hearing. Plaintiff amended his Complaint on September 7, 2004 to include a claim that the boot on his car was placed without the requisite court order and constituted an unreasonable seizure in violation of the U.S. CONST. AMEND. IV and its state equivalent, TEX. CONST. ART. 1 § 9. The City of Laredo, asserting federal question jurisdiction, promptly removed to this Court and soon thereafter filed this summary judgment motion.

## II.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)(citing *United States v. Diebold, Inc.,* 369 U.S. 654 (1962)).

Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586. If an adverse party completely fails to make a showing sufficient to establish an essential element of that party's case on which they will bear the burden of proof at

trial, then all other facts are rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-323.

### III.     Discussion

The facts are undisputed. The only issue before the Court is a question of law. Boiled down, the question of law facing this Court is whether the City of Laredo's "booting' of Plaintiff's car ran afoul of the Texas and United States Constitutions. This Court finds that it did not.[3]

As an initial matter, under the police power, the state or a municipality may regulate the parking of motor vehicles on the public streets and highways, provided the regulations are reasonable. Tex. Transp. Code Ann. § 311.002 (Vernon 1999); *see also Houston & T.C. Ry. Co. v. City of Dallas*, 98 Tex. 396 (Tex.1905). A city has broad discretion to enact ordinances in reference to its general power to regulate use of streets, and so long as such ordinances are not unreasonable and arbitrary and are not violative of state Constitution and laws, they will be held valid. Vernon's Ann.Civ.St. arts.1175, subds.16- 18, 4646a.

### A.     Texas Transportation Code

Chapter 682 of the Texas Transportation Code provides a scheme for the administrative resolution of parking violations as civil offenses. According to this scheme, a municipality first declares violations relating to parking as civil offenses and then by ordinance, resolution, rule or

---

[3] Plaintiff's cryptic response contends that his fourth amendment rights were violated.  A closer examination of the underlying facts of Plaintiff's complaints reveals that Plaintiff does not dispute the fact that he owes the $362, but instead claims the City ran afoul of the constitution when it placed a boot on his car without a hearing and a court order. Although Plaintiff claims his fourth amendment right were violated, the facts however allege a due process violation pursuant to the U.S. CONST. AMEND. XIV AND its state equivalent, TEX. CONST. ART. 1 § 19 and will be evaluated under these provisos. Since Article 1 § 19 replicates the Fourteenth Amendment, analysis of the Fourteenth Amendment constitutes an analysis of Art.1 § 19.

3

order establishes an administrative adjudicative hearing procedure**.**  The City of Laredo has stipulated that "it has not adopted, approved or passed a resolution, rule, order or ordinance adopting chapter 682" and it does not have to.  This Court agrees.

The language of Section 682.002 and 682.003 is permissive, not mandatory.  The Texas legislature did not abolish the power of municipalities to regulate the parking, stopping, or standing of vehicles.  The City of Laredo has invoked its own ordinances that control parking, standing and stopping violations within its city limits and these offenses are considered penal offenses.  Plaintiff's estoppel argument; that by permitting a non-judge; a mere city employee, to collect fines for unadjudicated parking citations the City converts parking violations to "civil offenses" and not "penal offenses" is simply ludicrous- its akin to citizens arguing that since taxes are taken out of there checks by mere mortal employers, the IRS is thus estopped from pursuing criminal prosecution for failure to pay federal taxes. The City cannot violate a non-mandatory rule that it has not adopted and does not have to adopt. As such, the City is entitled to summary judgment on this ground.

**B.** **Fourteenth Amendment** [4]

The Fourteenth Amendment to the United States Constitution provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. IV §1.  The core of due process is the right to notice, opportunity to be heard and a fair

---

[4] Plaintiff claims that his Fourth Amendment rights were violated and although this Court is convinced that the facts allege a due process claim, Plaintiff's Fourth Amendment claim would nevertheless fail. The Fourth Amendment protects private citizens from *rash* and unreasonable search and seizures by the government.  It protects individuals against arbitrary invasions of privacy by the powers that be. *See United States v. Ortiz*, 422 U.S. 891, 896 (1975); *see also Brinegar v. United States,* 338 U.S 160, 175-6 (1949).  Plaintiff did not suffer an invasion of his privacy, his car was not searched. Even if one views the placing of a boot on Plaintiff's car as a seizure, courts have held that it is not an unreasonable one. *See Grant v. City of Chicago*, 594 F. Supp 1441, 1451 (N.D. Ill. 1984); *Cf. Saukstelis, et al v. City of Chicago*, 932 F.2d 1171, 1174 (7th Cir. 1991).

and impartial hearing. *See LaChance v. Erickson*, 522 U.S. 262, 266(1998); s*ee also Armstrong v. Manzo*, 380 U.S. 545 (1960). Due process does not prohibit the taking of life, liberty and property but prohibits their taking without the proper process. While there is no case on point to guide the Court's decision in this circuit, the Court will look to other circuits and district courts that have tackled this issue for guidance.

In *Saukstelis v. City of Chicago*, plaintiffs brought a class action lawsuit challenging the immobilization of vehicles by use of a "boot," after repeated neglect of parking tickets. The Seventh Circuit held that the use of the "boot" did not violate the due process rights of owner, as a vehicle must have accumulated ten tickets and the motorist must have been given 21-day advance notice before being placed on the city's vehicle booting list. *See Saukstelis*, 932 F.2d at 1173. If the owner fails to respond within the requisite 21 days, Chicago puts the car on its booting list. The dispositive facts for the court were that "Chicago offers hearings, hearings, and more hearings. The parking ticket is itself a notice, addressed to the owner of the car and offering the opportunity for a hearing." *Id*. "Once the car has been booted, Chicago offers the owner still more hearings*." Id.* The Court found that "this cascade of notices and opportunities for hearing is quite sufficient under the due process clause." *Id.*

In *Gross v. Carter*, 265 F. Supp.2d 995 (W.D. Ark., 2003), plaintiff argued that his due process rights were violated when a wheel boot was placed on his car in accordance with the local ordinance. The ordinance in question provided that any vehicle that incurs $45.00 – 3 unpaid parking tickets- will be subject to a parking boot. *Carter*, 265 F.Supp.2d at 1002. The court found that the notice on the parking ticket was adequate and complied with the requirements of due process. *Id.* The court nevertheless held that due process clause was violated because the city did not provide an adequate pre or post deprivation remedy. *Id.* at 1003.

Laredo's booting ordinance is similar to the one in *Saukstelis*. The City's ordinance in relevant part provides that a delinquent vehicle; defined as a vehicle on which 3 or more parking citations more than five days old are outstanding . . ., on the delinquent list may be booted or towed or both.  However, prior to the placement on the city's delinquent vehicle list, at least 15 days before, the registered owner of the vehicle must be noticed and given the opportunity for a hearing.  Hearings are available on a first come first serve basis without an appointment from 8 a.m. to 5 p.m., Monday through Friday, everyday except holidays. Hearings are also available during non-regular working hours by the posting of a cash bond. Once the vehicle is on the delinquent list, it will stay on that list until the parking citations are resolved. Additionally, the parking ticket itself contains a notice that "[t]hree or more unresolved parking citations may result in the towing or booting of your vehicle" and even notifies parties of their right to a hearing.

It is undisputed that Plaintiff received numerous parking citations and each ticket bears the aforementioned notice. It is also undisputed that prior to Plaintiff's name being added to the delinquent list, Plaintiff was notified in writing. In fact, Plaintiff issued a check for the entire amount of the fine on July 22, 2003 and then, stopped payment of the check to institute a civil action against the City.  Contrary to Plaintiff's assertion, in Texas, as in most other states, municipalities are free to regulate the parking, stopping, or standing of vehicles. *See* Tex. Transp. Code Ann. § 311.002 (Vernon 1999). The City of Laredo did not need a court order to place a boot on Plaintiff's car. Plaintiff had over 20 outstanding parking violation tickets that have gone unpaid since 2002.  Plaintiff was given ample notice and opportunity to contest these tickets and he did not.   The City did not deprive Plaintiff of any constitutional  rights. The City of Laredo has an interest in enforcing its parking laws and ensuring that its rules are obeyed.  Unpaid fines

are extremely difficult to collect and like so many other cities, the City has developed a sure-fire system to hold scofflaws responsible. It has done so by depriving them of the use of the instrument used to blatantly violate its regulation; the automobile, but not permanently and not without the proper notice and opportunity to be heard.

Because this Court finds that the City did not violate Plaintiff's constitutional rights under the United States Constitution nor the Texas Constitution, Defendant's Motion for Summary Judgment is GRANTED.

For the reasons above, to borrow the words of the Seventh Circuit in *Saukstelis*, "this case is going about as far as a booted car. It should be immobilized--permanently." Defendant's Motion for Summary Judgment is hereby GRANTED. The Temporary Restraining Order entered on March 24, 2004 is hereby DISSOLVED.[5]

IT IS SO ORDERED.

Done this 28th day of March, 2006 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[5] The Court notes that pursuant to TEX. R. CIV. P. 680 the TRO issued by the 111th Judicial District Court of Webb County is deficient since its does not include "an order setting a certain date for hearing on the temporary or permanent injunction sought."

7